**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1676**

_____

HENRIETTA ANCHI MBA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-202-935)

_____

Submitted:  February 16, 2007         Decided:  March 5, 2007

_____

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Jacqueline E. Ngole, Rockville, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, James A. Hunolt, Senior
Litigation Counsel, Michael G. Dashefsky, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM.

Henrietta Anchi Mba, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Mba challenges the Board's finding that her testimony was not credible and that she otherwise failed to meet her burden of proving her eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Mba failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Mba cannot sustain her burden on the asylum claim, she cannot establish

her entitlement to withholding of removal.  <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Mba also alleges that the Board erred in denying her protection under the Convention Against Torture.  To qualify for this protection, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2006).  Mba failed to make such a showing.

Accordingly, we deny Mba's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

- 3 -